# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL RINGGOLD, on behalf of himself and those similarly situated,<br><br>            Plaintiff,<br><br>  v.<br><br>AMAZON.COM.DEDC, LLC,<br><br>            Defendant. | Civil Action No. 21-cv-12873<br><br>[Removal from the Superior Court of New Jersey, Mercer County, Law Division, Civil Part Docket No. MER-L-001072-21]<br><br>Action Filed: May 19, 2021 |

## DEFENDANT AMAZON.COM.DEDC, LLC'S
## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Amazon.com.dedc, LLC ("Amazon" or "Defendant") hereby removes this action from the Superior Court of New Jersey, Mercer County, Law Division, Civil Part, where it is pending as Case No. MER-L-001072-21, to the United States District Court for the District of New Jersey.[1] The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, this Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2)

---

[1] Effective January 1, 2019, Amazon.com.dedc, LLC merged into Amazon.com Services, Inc., now known as Amazon.com Services LLC.

because the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, the class is comprised of over 100 members, and there is minimal diversity between the parties.  Grounds for removal are as follows:

## PROCEDURAL BACKGROUND

1. On May 19, 2021, Plaintiff Michael Ringgold ("Plaintiff") filed a class action complaint on behalf of himself and others similarly situated against Defendant in the Superior Court of New Jersey for Mercer County, Law Division, Civil Part captioned *Michael Ringgold v. Amazon.com.dedc, LLC*, Docket No. MER-L-001072-21 (the "State Court Action").

2. On May 24, 2021, Plaintiff served copies of the Summons, Complaint, and Civil Case Cover Sheet on Amazon.  Copies of these documents, as well as the Proof of Service filed on May 24, 2021, are attached hereto as Exhibit A and Exhibit B, respectively.

3. As of this date, no further pleadings have been filed or served in the State Court Action and no further proceedings have been conducted in the State Court Action.

4. In his Complaint, Plaintiff asserts two claims on behalf of himself and a putative class of all persons who, since on or after February 22, 2021:  (1) were denied employment by Defendant in the state of New Jersey because he or she

tested positive for marijuana in a pre-employment drug screen; and/or (2) were subject to any other adverse employment action because he or she tested positive for marijuana.  Compl. ¶ 8.

5. The two claims alleged are: (1) Violation of the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act (CREAMMA) (N.J.S.A. 24:6I-52); and (2) Violation of New Jersey public policy under New Jersey common law.  Compl. ¶¶ 29–38.

6. Plaintiff seeks an unspecified amount of back pay, front pay, and punitive damages; injunctive relief; and any other relief the Court deems just and proper.

7. For purposes of this removal only, Amazon assumes Plaintiff's allegations are true.

## REMOVAL IS TIMELY

8. Plaintiff served Amazon on May 24, 2021.  Because Defendant's Notice of Removal is filed within 30 days of service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

9. Removal is proper under 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).  In addition,

this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

10. Removal is also proper because this Court is the district court "for the district and division embracing the place where such action is pending," and because Defendant is not a citizen of the State in which this action was brought. 28 U.S.C. § 1441.

11. Amazon denies Plaintiff's factual allegations and denies that Plaintiff or the class he purports to represent are entitled to the relief requested.[2]  However, based on the allegations in the Complaint and the prayer for relief, all requirements for jurisdiction under 28 U.S.C. § 1332 have been met.  Accordingly, this Court has original jurisdiction over this action.

**I.   The Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(a)**

12. Complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest

---

[2] Amazon denies that liability or damages can be established either as to Plaintiff or on a class-wide basis.  Amazon does not concede and reserves the right to contest at the appropriate time Plaintiff's allegations that this action may properly proceed as a class action.  Amazon does not concede and reserves the right to contest at the appropriate time that any of Plaintiff's allegations constitute a cause of action against it under applicable New Jersey law.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  Amazon's notice seeks only to establish that the amount in controversy plausibly exceeds the jurisdictional minimum under 28 U.S.C. § 1332.

and costs. 28 U.S.C. § 1332(a). Therefore, removal is proper under 28 U.S.C. § 1441(a).

      **A.**    **There Is Complete Diversity Between Plaintiff and Defendant**

13. Plaintiff is a citizen and resident of New Jersey. Compl. ¶ 3.

14. Effective January 1, 2019, Amazon.com.dedc, LLC merged into Amazon.com Services, Inc., which is now known as Amazon.com Services LLC. Amazon.com Services LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Seattle, Washington. Amazon.com Sales, Inc. is the sole member of Amazon.com Services LLC and Amazon.com Sales, Inc. is wholly owned by Amazon.com, Inc., which is a Delaware corporation with its principal place of business in Washington. Therefore, Defendant Amazon is a citizen of Delaware and Washington.

15. Accordingly, there is complete diversity between Plaintiff and Defendant.

      **B.**    **The Amount in Controversy Exceeds $75,000**

16. Under 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs."

17. Plaintiff has not specified in the Complaint the amount of damages he seeks. Accordingly, Amazon's Notice of Removal need only make a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold,

which should be accepted unless contested by Plaintiff or questioned by the Court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

18. In Counts I and II of his Complaint, Plaintiff seeks damages based on his allegation that Amazon rescinded his offer of employment after he tested positive for marijuana in a pre-employment drug screening, which he claims violated both CREAMMA and New Jersey common law. Compl. ¶¶ 29–38. In the event Plaintiff prevails on these claims, he would be able to recover back pay and front pay for the wages he would have received had he not been denied employment, as well as punitive damages. Such damages, taken in combination, put the amount in controversy well above $75,000.

19. While the amount in controversy for jurisdictional purposes is typically determined at the time of filing, "where the right to future payments will be judged in the present suit . . . they should be considered during the Court's jurisdictional analysis." *Alegre v. Atl. Cent. Logistics*, 2015 WL 4607196, at *4 (D.N.J. July 31, 2015) (quoting *Mazzucco v. Kraft Foods Glob., Inc.*, 2011 WL 6935320, at *3 (D.N.J. Nov. 23, 2011), *report and recommendation adopted*, 2011 WL 6936353 (D.N.J. Dec. 30, 2011)); *see Dardovitch v. Haltzman,* 190 F.3d 125, 135 (3d Cir. 1999) ("Where . . . a suit is brought to establish directly the right to receive any payments because the putative defendant has repudiated that right entirely, and not just with respect to current payments, the amount in controversy is

the entire amount that may ever come due."). In consequence, in calculating the amount in controversy with respect to claims for back pay and front pay, the Court must consider damages that both accrued before the complaint was filed and may accrue during the pendency of the lawsuit. *See Faltaous v. Johnson & Johnson*, 2007 WL 3256833, at *10 (D.N.J. Nov. 5, 2007) ("Since the right to collect [back pay and front pay] accruing after the filing of the complaint will necessarily be adjudicated in this case, these damages are properly counted against the amount in controversy.").

20. To account for the accrual of back pay and front pay after a lawsuit has been filed when calculating the amount in controversy, courts have determined "that an additional two year period is appropriate" for purposes of establishing the relevant liability period. *Alegre*, 2015 WL 4607196, at *4; *see also Faltaous*, 2007 WL 3256833, at *10. In such cases, the use of a two year period was based on the fact that, in the United States District Court for District of New Jersey at the time, "the median time from filing to trial for a civil case was thirty-three months," which yielded a conservative estimate that two years' worth of lost wages would potentially accrue before judgment was entered. *Id*.

21. A two-year, post-filing liability period for purposes of determining the amount of back pay and front pay in controversy is also appropriate here. For the twelve month period ending on March 31, 2020, the median time between the

filing of a civil action and disposition of the suit for cases resolved during trial in the District of New Jersey was 33.6 months.  ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, FEDERAL JUDICIAL CASELOAD STATISTICS, Table C-5—U.S. District Courts–Civil Federal Judicial Caseload Statistics (March 31, 2020), available at https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2020/03/31 (hereinafter "AOUSC Statistics").  In other words, almost the exact same average case processing time relied on to justify using a two-year liability period in calculating the amount in controversy in the past cases involving back pay and front pay remains the Court's average processing time today.

22. Plaintiff applied for full-time work with Amazon in a position that would have paid $15.60 an hour.  Assuming that, as a fulltime worker, Plaintiff would have worked 40 hours per week, and taken off two weeks each year, he would have worked 2,000 hours in a year, yielding an annual salary of $31,200, which does not account for potential overtime or bonuses he may have received.  Over the two year liability period posited for purposes of calculating the amount of backpay and front pay in controversy, Plaintiff thus may be entitled to recover as much as $62,400.

23. In addition, the amount of damages accrued prior to the filing of the lawsuit must be taken into account.  *See Alegre*, 2015 WL 4607196, at *4.  Plaintiff alleges his job offer with Amazon was rescinded on April 5, 2021, and he

filed suit on May 19, 2021. The period between the alleged wrongdoing and the time of filing is therefore approximately six weeks. At an hourly wage of $15.60, and working 40 hours per week, Plaintiff would have made $3,744 for that six week period. That brings the total potential value of his claim to $66,144.

24. On top of his claims for back pay and front pay, Plaintiff also seeks punitive damages. Claims for punitive damages are properly included in determining the amount in controversy for purposes of diversity jurisdiction. *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

25. Wrongful discharge claims under New Jersey common law may result in awards of punitive damages. *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 72, 417 A.2d 505, 512 (1980) ("An action in tort may be based on the duty of an employer not to discharge an employee who refused to perform an act that is a violation of a clear mandate of public policy. In a tort action, a court can award punitive damages to deter improper conduct in an appropriate case.").

26. New Jersey's Punitive Damages Act permits successful plaintiffs to recover up to "five times the liability of th[e] defendant for compensatory damages or $350,000, whichever is greater" in cases where punitive damages are available. N.J.S.A. § 2A:15-5.14(b). "Thus, even in the absence of recovering compensatory

damages, a plaintiff is able to recover up to $350,000 in punitive damages, under New Jersey law." *Ward v. Barnes*, 545 F. Supp. 2d 400, 418–19 (D.N.J. 2008).

27. As a result, "[f]or purposes of the amount in controversy calculation, courts assume this maximum 'five times' multiplier" when assessing claims under New Jersey law for punitive damages. *Atl. Util. Trailer Sales Inc. v. Harco Nat'l Ins. Co.*, 2020 WL 3287129, at *2 (D.N.J. June 18, 2020); *see also Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

28. Here, that multiplier pushes the potential value of Plaintiff's claim well-above the $75,000 threshold. The $66,144 in damages multiplied by five yields a potential $330,720 in punitive damages. That figure, when added to the $66,144 Plaintiff may recover in back pay and front pay, yields a potential amount in controversy of $396,864.

29. Indeed, the Court could use a significantly more conservative estimate of the relevant liability period for calculating back pay and front pay and still find that the amount in controversy requirement is clearly met. For the twelve month period ending on March 31, 2020, the median case processing time for cases resolved before pre-trial in the District of New Jersey was 6.4 months. AOUSC Statistics, Table C-5—U.S. District Courts–Civil Federal Judicial Caseload Statistics. Rounding down to six months, and using the annualized wage calculated above, Plaintiff would still be entitled to $19,344 (annual salary of

$31,200 divided in half, plus pre-filing damages of $3,744) in back pay and front pay, even if he were to secure the relief he seeks in, statistically speaking, a relatively short time frame. This figure, multiplied by five yields $96,720 in punitive damages, which, when added to the figure for backpay and front pay, yields a total amount in controversy of $116,064.

30. Although Defendant denies that Plaintiff's claims have any merit or that punitive damages would be appropriate here even were Plaintiff to prevail, Defendant avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery thus easily exceeds $75,000.

31. Therefore, the total amount in controversy in this case—*inter alia,* actual damages and punitive damages—plausibly equals or exceeds the amount in controversy necessary for diversity jurisdiction.

**II. The Court Also Has Original Subject Matter Jurisdiction under CAFA**

32. In addition, this Court has subject matter jurisdiction over this action pursuant to CAFA. 28 U.S.C. § 1332(d).

33. Plaintiff brings this action as a putative class action. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

34. Removal based on CAFA is proper in this action because: (A) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (B) diversity of citizenship exists between one or more plaintiffs and one or more defendants; and (C) the aggregate number of putative class members is 100 or greater. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453. Removal is therefore proper under 28 U.S.C. § 1441(a).

### A. The Amount in Controversy Exceeds $5 Million

35. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine whether the amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(6).

36. Where a plaintiff does not expressly plead a specific amount in damages, as is the case here, a removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

37. As stated above, Plaintiff asserts two claims on behalf of himself and a putative class of all individuals who were either denied employment or subject to another adverse employment action by Amazon on account of a positive marijuana test result. Plaintiff requests damages as to each claim on behalf of the putative class.

38. In Counts I and II of the Complaint, Plaintiff and the putative class members seek any and all pay they would have received had they been hired or retained by Amazon, including back pay and front pay.

39. Additionally, Plaintiff seeks punitive damages for himself and the other putative class members.

40. Amazon avers, solely for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's and the putative class's requested damages easily exceed $5 million. As explained above, a reasonable estimate of the damages Plaintiff seeks to recover—taking into account front pay, backpay, and punitive damages—is, even using conservative estimates, at least $116,064. When multiplied by 100 putative class members, the damages total over $11.6 million, which exceeds the $5 million minimum under CAFA. Accordingly, the punitive damages and whatever damages members of the putative class may recover in the case exceed the amount in controversy requirement under CAFA.[3]

    **B.    Diversity of Citizenship as Defined under CAFA Exists**

41. To satisfy CAFA's diversity requirement, a party need only show that minimal diversity exists. Minimal diversity, as defined by CAFA, requires that

---

[3] Amazon reserves the right to present evidence establishing the amount placed in controversy should Plaintiff challenge whether the jurisdictional amount in controversy is met.

one putative class member be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A).

42. Because Plaintiff is a citizen of New Jersey and Amazon is a citizen of Washington and Delaware, minimal diversity is met.

### C. The Aggregate Number of Putative Class Members Is 100 or Greater

43. Plaintiff asserts claims on behalf of himself and other similarly situated individuals in New Jersey "who, since on or after February 22, 2021: (1) were denied employment by Defendant in the state of New Jersey because he or she tested positive for marijuana in a pre-employment drug screen; and/or (2) were subject to any other adverse employment action because he or she tested positive for marijuana." Compl. ¶ 8.

44. Based on Amazon's records, assuming Plaintiff's hypothetical class is viable, the putative class is comprised of more than 100 members.

45. Therefore, the class as alleged in the Complaint satisfies the number of required members for purposes of CAFA. 28 U.S.C. § 1332(d)(5)(B).

### NOTICE

46. Amazon will promptly serve Defendant's Notice of Removal on Plaintiff and will promptly file a copy of Defendant's Notice of Removal with the Clerk of the Superior Court of New Jersey for Mercer County, in which the action is pending, as required under 28 U.S.C. § 1446(d).

47. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Amazon as well as other documents filed in the State Court Action are filed concurrently with this Notice of Removal as Exhibits A and B.

## CONCLUSION

48. Defendant reserves the right to amend or supplement this Notice of Removal as may be appropriate.

49. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief may be granted.

50. Should Plaintiff file a motion to remand this case, Defendant respectfully requests an opportunity to respond more fully in writing.

WHEREFORE, Amazon requests that this action be removed from the Superior Court of New Jersey, Mercer County, Law Division, Civil Part to the United States District Court for the District of New Jersey.

Dated:  June 22, 2021    Respectfully submitted,


By: */s/ Stephanie L. Silvano*
    GABRIELLE LEVIN
      (*pro hac vice forthcoming*)
    glevin@gibsondunn.com
    STEPHANIE L. SILVANO
      (Bar No. 168182016)
    ssilvano@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue, 47th Floor
    New York, New York 10166
    Telephone:  212.351.4000
    Facsimile:  212.351.4035

    JASON C. SCHWARTZ
      (*pro hac vice forthcoming*)
    jschwartz@gibsondunn.com
    Gibson, Dunn & Crutcher LLP
    1050 Connecticut Avenue, N.W.
    Washington, DC 20036-5306
    Telephone:    20036 202.955.8500
    Facsimile:    202.467.0539

    TIMOTHY LOOSE
      (*pro hac vice forthcoming*)
    tloose@gibsondunn.com
    Gibson, Dunn & Crutcher LLP
    333 South Grand Venue
    Los Angeles, CA 90071
    Telephone:    213.229.7000
    Facsimile:    213.229.7520

    *Attorneys for Defendant*

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Mercer County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant Amazon.com.dedc, LLC's information and belief, is not the subject of any other action pending in any court, or of any pending arbitration of administrative proceeding.

Dated: June 22, 2021

/s/ *Stephanie L. Silvano*
Stephanie L. Silvano, Esq.