# EXHIBIT A

Justin L. Swidler, Esq. (NJID: 039312007)
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
856-685-7420
jswidler@swartz-legal.com

| | |
|---|---|
| MICHAEL RINGGOLD, *on behalf of himself and those similarly situated,* <br> 27 Kingsbridge Dr. <br> Burlington, NJ 08016 <br><br>            Plaintiff, <br>   v. <br><br> AMAZON.COM.DEDC, LLC <br> 50 New Canon Way <br> Robbinsville, NJ 08691 <br><br>            Defendant. | SUPERIOR COURT OF NEW JERSEY <br> MERCER COUNTY <br><br> CLASS ACTION <br><br> No: <br><br> COMPLAINT AND JURY TRIAL DEMAND |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Named Plaintiff Michael Ringgold (hereinafter referred to as "Named Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Amazon.com.dedc, LLC (hereinafter referred to as "Defendant").

### INTRODUCTION

1.  Named Plaintiff has initiated the instant action to redress Defendant's violations of the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act, N.J. Stat. 24:6I-31 ("CREAMMA") and the New Jersey common law. As a result of Defendant's unlawful actions, Named Plaintiff and those similarly situated have suffered damages.

### PARTIES

2.  The foregoing paragraphs are incorporated herein as if set forth in full.

1

3. Named Plaintiff is an adult individual with an address as set forth above.

4. Defendant is a company operating in New Jersey.

5. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS

6. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7. Pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure, Named Plaintiff brings his claims for relief to redress Defendant's violations of the CREAMMA and New Jersey public policy on behalf of himself and those similarly situated.

8. Specifically, Named Plaintiff seeks to represent a class of all persons who, since on or after February 22, 2021: (1) were denied employment by Defendant in the state of New Jersey because he or she tested positive for marijuana in a pre-employment drug screen; and/or (2) were subject to any other adverse employment action because he or she tested positive for marijuana (hereinafter members of this putative class are referred to as "Class Plaintiffs").

9. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is over 40 individuals.

10. Named Plaintiff's claims are typical of the claims of the Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was subject to an adverse employment action because he tested positive for marijuana, in violation of CREAMMA.

2

11. Named Plaintiff will fairly and adequately protect the interests of the Class Plaintiffs, because Named Plaintiff's interests are coincident with and not antagonistic to those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee disputes.

12. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant. Additionally, Named Plaintiff seeks injunctive relief ordering Defendant to cease enforcement of its unlawful policy.

14. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant's conduct in denying employment or taking any other adverse action because the individual tested positive for marijuana on a drug test violates CREAMMA; and 2) whether Defendant's conduct in denying employment or taking any other adverse action because the individual tested positive for marijuana on a drug test is unlawful as a violation of public policy.

## FACTUAL BACKGROUND

15.   The foregoing paragraphs are incorporated herein as if set forth in full.

16.   Since February 22, 2021, and upon information and belief, continuing through the present, Defendant has enforced its Drug & Alcohol Policy ("Policy") to all of its warehouse workers and applicants in the state of New Jersey.

17.   Pursuant to Defendant's Policy, Defendant will refuse to hire any applicant who tests positive for marijuana in the state of New Jersey and who does not provide a medical explanation for using marijuana.

18.   Pursuant to Defendant's Policy, any employee who tests positive for marijuana and who does not provide a medical explanation faces "disciplinary action based on the positive test result in accordance with Amazon's Drug & Alcohol Policy, up to and including termination of employment."

19.   On or about March 27, 2021, Named Plaintiff applied for employment with Defendant to work in Defendant's warehouse as an order picker / sorter.

20.   Defendant extended Named Plaintiff an offer of employment, subject to him submitting to and passing a drug test.

21.   On or about March 29, 2021, Named Plaintiff took the drug test.

22.   On about April 2, 2021, Defendant emailed Named Plaintiff to inform him of the drug test results.

23.   The email stated that the "test of the sample you recently submitted for testing has been verified by [Seth Portnoy, Total Compliance Network] as **positive for marijuana**." (Emphasis and bracketing in original).

24. Defendant further informed Named Plaintiff that unless he provided a "legitimate medical explanation for your positive test result" he would be denied employment with Defendant.

25. On April 5, 2021, Defendant informed Named Plaintiff that his employment offer was rescinded because he tested positive for marijuana and did not provide a medical explanation for his test result.

26. As a result of Defendant's Policy, Named Plaintiff and Class Plaintiffs, all of whom have faced adverse employment actions because they tested positive for marijuana, have been harmed.

27. As a result of Defendant's aforesaid illegal actions, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT I
### Violations of the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

28. The foregoing paragraphs are incorporated herein as if set forth in full.

29. Pursuant to CREAMMA, "No employer shall refuse to hire or employ any person or shall discharge from employment or take any adverse action against any employee with respect to compensation, terms, conditions, or other privileges of employment because that person does or does not smoke, vape, aerosolize or otherwise use cannabis items, and an employee shall not be subject to any adverse action by an employer solely due to the presence of cannabinoid metabolites in the employee's bodily fluid …" N.J. Stat. Ann. § 24:6I-52 (2021).

30. Defendant's Policy which subjects applicants and employees to adverse employment actions for testing positive for marijuana violates CREAMMA.

5

31. As a result of Defendant's Policy, Defendant subjected Named Plaintiff and Class Plaintiffs to adverse actions solely due to testing positive for marijuana on a drug test.

32. Named Plaintiff and Class Plaintiffs have suffered harm as a result of Defendant's unlawful conduct.

33. As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Failure to Hire/Wrongful Discharge
### *Pierce* Claim (violation of public policy)
### (Named Plaintiff and Class Plaintiffs v. Defendant)

34. The foregoing paragraphs are incorporated herein as if set forth in full.

35. Defendant's conduct in refusing to hire and/or terminating Named Plaintiff and Class Plaintiffs solely because they tested positive for marijuana violates a clear mandate of public policy of the state of New Jersey, as codified by CREAMMA. N.J. Stat. Ann. § 24:6I-52 (2021).

36. Defendant's Policy which subjects applicants and employees to adverse employment actions for testing positive for marijuana violates CREAMMA, and accordingly is unlawful as a violation of public policy.

37. Named Plaintiff and Class Plaintiffs have suffered harm as a result of Defendant's unlawful conduct.

38. As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

6

(1)     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of CREAMMA and New Jersey public policy;

(2)     Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendant's illegal actions;

(3)     Defendant is to immediately reinstate Named Plaintiff's and Class Members to employment;

(4)     Defendant is to immediately rescind its Policy which imposes adverse employment actions on New Jersey employees solely for testing positive for marijuana on a drug test;

(5)     Named Plaintiff and Class Plaintiffs are to be awarded back pay, front pay, punitive damages, and all other relief this Court deems just and proper.

(6)     Named Plaintiff and Class Plaintiffs' claims are to receive a jury trial.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: May 19, 2021

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.

## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter.  I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.

## DESIGNATION OF TRIAL COUNSEL

Justin L. Swidler, Esquire, of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only | |
|---|---|
| Payment type: | ☐ ck  ☐ cg  ☐ ca |
| Chg/Ck Number: | |
| Amount: | |
| Overpayment: | |
| Batch Number: | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Justin L. Swidler, Esq. | (856) 685-7420 | Mercer |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Swartz Swidler LLC | |

| Office Address | Document Type |
|---|---|
| 1101 Kings Hwy N Ste 402<br>Cherry Hill NJ 08034 | Complaint |
| | Jury Demand  ■ Yes  ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Michael Ringgold, on behalf of himself and all those similarly situated, Plaintiff | Michael Ringgold, on behalf of himself and all those similarly situated v. Amazon.com.dedc, llc |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? | Is this a professional malpractice case?  ☐ Yes  ■ No |
|---|---|---|
| 509 | ☐ Yes  ■ No | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? | If "Yes," list docket numbers |
|---|---|
| ☐ Yes  ■ No | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | Name of defendant's primary insurance company (if known) |
|---|---|
| ☐ Yes  ■ No | ☐ None<br>■ Unknown |

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? | If "Yes," is that relationship: |
|---|---|
| ■ Yes  ☐ No | ■ Employer/Employee  ☐ Friend/Neighbor  ☐ Other (explain)<br>☐ Familial  ☐ Business |

| Does the statute governing this case provide for payment of fees by the losing party? | ■ Yes  ☐ No |
|---|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations? | If yes, please identify the requested accommodation: |
|---|---|
| ☐ Yes  ■ No | |
| Will an interpreter be needed? | If yes, for what language? |
| ☐ Yes  ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: /s/ Justin L. Swidler

**Side 2**



# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | | | |
|---|---|---|---|
| 151 | Name Change | 506 | PIP Coverage |
| 175 | Forfeiture | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 | Lemon Law |
| | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | | | |
|---|---|---|---|
| 305 | Construction | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 | Personal Injury |
| | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | 699 | Tort – Other |

### Track III - 450 days discovery

| | | | |
|---|---|---|---|
| 005 | Civil Rights | 608 | Toxic Tort |
| 301 | Condemnation | 609 | Defamation |
| 602 | Assault and Battery | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | |
| 606 | Product Liability | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | |
|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | 514 | Insurance Fraud |
| 303 | Mt. Laurel | 620 | False Claims Act |
| 508 | Complex Commercial | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | |

### Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | Accutane/Isotretinoin | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | 626 | Abilify |
| 286 | Levaquin | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | 634 | Allergan Biocell Textured Breast Implants |
| 299 | Olmesartan Medoxomil Medications/Benicar | | |
| 300 | Talc-Based Body Powders | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category** ■ **Putative Class Action** ☐ **Title 59** ☐ **Consumer Fraud**

SUMMONS

| | |
|---|---|
| Attorney(s) Justin L. Swidler, Esq. | **Superior Court of New Jersey** |
| Office Address Swartz Swidler LLC | |
| Town, State, Zip Code 1101 Kings Hwy N Ste 402 Cherry Hill NJ 08034 | Mercer ▼ County |
| | LAW Division |
| Telephone Number 856-685-7420 | |
| Attorney(s) for Plaintiff | Docket No: _____ |

Michael Ringgold, on behalf of himself
and all those similarly situated
      Plaintiff(s)

  vs.

Amazon.com.dedc, llc

      Defendant(s)

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                                                             Clerk of the Superior Court

DATED:  05/19/2021

Name of Defendant to Be Served:  Amazon.com.dedc, llc

Address of Defendant to Be Served:  50 New Canon Way, Robbinsville, NJ 08691

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-001072-21

**Case Caption:** RINGGOLD MICHAEL  VS AMAZON.COM.DEDC, LLC
**Case Initiation Date:** 05/19/2021
**Attorney Name:** JUSTIN L SWIDLER
**Firm Name:** SWARTZ SWIDLER, LLC
**Address:** 1101 KINGS HIGHWAY NORTH STE 402 CHERRY HILL NJ 08034
**Phone:** 8566857420
**Name of Party:** PLAINTIFF : RINGGOLD, MICHAEL
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: MICHAEL RINGGOLD?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/19/2021                                                                                           /s/ JUSTIN L SWIDLER
Dated                                                                                                Signed